UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 1 2012

David J. Bradley, Clerk of Court

# 12-1658

| | |
|---|---|
| DR. PROBIR KUMAR BONDYOPADHYAY (BONDY) | } |
| UNITED STATES CITIZEN | } |
| INVENTOR, | } |
| GEODESIC SPHERE PHASED ARRAY ANTENNA SYSTEM | } |
| [http://www.google.com/patents/US6292134] | } |
| 14418 OAK CHASE DRIVE, HOUSTON, TEXAS 77062-2038 | } |
| **PLAINTIFF** | } |
| | } CIVIL ACTION NO._____ |
| versus | } |
| | } |
| COMMANDER, | } |
| U.S. AIR FORCE RESEARCH LABORATORY (AFRL) | } |
| (MAJOR GENERAL  WILLIAM  N. MCCASLAND) | } |
| WRIGHT PATTERSON AIR FORCE BASE, OHIO 45433 | } |
| | } |
| U.S. SECRETARY OF THE AIR FORCE | } |
| (HONORABLE MICHAEL B. DONLEY) | } |
| 1670  AIR FORCE  PENTAGON | } |
| WASHINGTON DC  20330-1670 | } |
| **DEFENDANTS** | } |

ORIGINAL COMPLAINT

## 1. SUMMARY OF THE COMPLAINT

This civil complaint is filed under the Freedom Of Information Act (FOIA). The Claim under *this particular* complaint is nothing but the Truth. The nature of this complaint is civil fraud. The honorable District Court is respectfully requested to determine (i). which one (Exhibit-1 versus Exhibit-2 ) is the true **legal** version of the United States Air Force  Small Business Innovation Research (SBIR) Solicitation No. AF99-244 which was executed by the U.S. Air Force Contract F19628-99-C-0073 (Exhibit-3); (ii). Which ones are the **legal** versions of the Tasks (Exhibit-4 versus Exhibit-5) that should and must have been performed under the **legal** version of the said Soiicitation No. AF99-244; and (iii). Whether the **legal** version of the TASK-1, TASK-2 and

-1-

United States District Court, Southern District of Texas, Houston Division
Dr. Probir K. Bondyopadhyay vs. Commander, U. S. Air Force Research Laboratory, WPAFB

Task-3 were actually performed under the said U.S. Air Force contract.

At issue (very serious) is the integrity of the Office of the Secretary of the U.S. Air Force and the administrative machine of the defendants in dealing with this subject matter. The Secretary of the U.S. Air Force has provided information on May 10, 2011 (Exhibit-6) to U.S. Senator Honorable John Cornyn of Texas in writing (in response to an enquiry by this plaintiff) which stated: *"Exhibit-1 as submitted by your constituent is the official version of the topic which was published with the Department of Defense (DoD) 1999.1 SBIR Solicitation. This version was used to execute contract F19628-99-C-0073."* proving that Assistant United States Attorney Samuel G. Longoria had submitted deliberate false information (Exhibit-7) to Honorable U.S. District Judge Vanessa D. Gilmore to mislead and obstruct justice [Civil Action Case No. 4:03-cv-03107 or H-03-3107 (S.D.Tex.)].

Independently, Ms. Michele L. Dickman, a current employee of the defendant at AFRL who looked into the subject matter earlier in 2000, had responded in writing (Exhibit-8) to a FOIA enquiry, that there were NEVER any **legal** paper work creating the Exhibit-2 description, thus confirming that Assistant United States Attorney Samuel G. Longoria had indeed submitted deliberate false information (Exhibit-7) to Honorable U.S. District Judge Vanessa D. Gilmore to mislead and obstruct justice [Civil Action Case No. 4:03-cv-03107 or H-03-3107 (S.D.Tex.)].

## 2. JURISDICTION OF THE COURT

**2.1** The Plaintiff is a United States Citizen continuously residing in the Harris County of Texas for the past twenty two years (14418 Oak Chase Drive, Houston, Texas 77062-2038). He is the Inventor of the Geodesic Sphere Phased Array Antenna System (Exhibit-9, U. S. Patent Number

-2-

United States District Court, Southern District of Texas, Houston Division
Dr. Probir K. Bondyopadhyay vs. Commander, U. S. Air Force Research Laboratory, WPAFB

6,292,134 instantly available worldwide at http://www.google.com/patents/US6292134).

**2.2** The first defendant is the Commander of the U.S. Air Force Research Laboratory (AFRL) at Wright Patterson Air Force Base, Ohio and is a top executive responsible for the U.S. Air Force Small Business Innovation Research (SBIR) program, *the Air Force Contract FA865007C1101 (Exhibit-10, amongst many prior others) of which the said solicitation (AF99-244) based said Contract F19628-99-C-0073 is the origin.*

**2.3** An investigation conducted by U.S. Senator John Cornyn of Texas (and a member of the U.S. Senate Armed Services Committee) at the request of this plaintiff, produced written evidence (Exhibit-6) that Assistant United States Attorney Samuel G. Longoria submitted false information (Exhibit-7), provided deliberately by the corrupt administrative machine of the defendant, to Honorable District Judge Vanessa D. Gilmore to obstruct justice [Civil Action Case No. 4:03-cv-03107 or H-03-3107 (S.D.Tex.)].

**2.4** This obstruction of Justice is deliberate because an earlier internal investigation conducted by Ms. Michele L. Dickman (a current employee of the defendant) in response to a complaint filed by this Plaintiff in 2000 and obtained at a later date through a FOIA request (Exhibit-8) independently verified that the required paper works for creating the Exhibit-2 description of the so called 'revised version' of AF99-244 did NEVER exist. The Assistant U.S. Attorney Samuel G. Longoria submitted (Exhibit-7) false information (deliberately provided by the corrupt administrative machine of the defendant) to Honorable U.S. District Judge Vanessa D. Gilmore to frustrate and obstruct justice and cover up a crime of fraud and corruption perpetrated by Mr. Boris Tomasic and Mr. John Turtle of the AFRL (Defendant) Sensors Directorate (Plaintiff's

-3-

United States District Court, Southern District of Texas, Houston Division
Dr. Probir K. Bondyopadhyay vs. Commander, U. S. Air Force Research Laboratory, WPAFB

complaint to DoD-IG Mr. Gordon S. Heddell: DCIS-121158 of September 13, 2011).

**2.5**  The Honorable U.S. District Court's attention is drawn to the statement: *"References and Keywords stay the same"* in the document (Exhibit-11) provided by Mr. Barry R. Smith of Defense Technical Information Center (DTIC) proving that the Office of the Secretary of Defense was intentionally misled with false information (wire fraud) by Mr. Boris Tomasic and Mr. John Turtle of the Sensors Directorate under the defendant (AFRL), and there has been yet another illegal version of Exhibit-1 with *"References and Key words stay the same"*. The Exhibit-2 provided by the U.S. Secretary of the Air Force earlier through a FOIA request had its *references list changed*. This **Exhibit-11** provided by Mr. Barry R. Smith **is the smoking gun evidence** that Assistant United States Attorney Samuel G. Longoria indeed provided (Exhibit-7) deliberate false information to mislead U.S. District Judge Vanessa D. Gilmore to obstruct justice [Civil Action Case No. 4:03-cv-03107 or H-03-3107 (S.D.Tex.)].

**2.6**  The Small Business Innovation Research (SBIR) program of the Department of Defense to which the said solicitation AF99-244 belongs, is centrally administered by the Office of the Secretary of Defense (OSD). Accordingly, a complaint was recently filed with Inspector General of the Department of Defense (DoD-IG), Mr. Gordon S. Heddell. This complaint of 31st August 2011 was received by his office with the Case Number DCIS-121158 on September 13, 2011. The DoD-IG, after taking six months of time, failed to answer (Exhibit-12) the said three questions mentioned in the beginning Summary of this complaint in Page 1.

**2.7**  All administrative channels having been pursued by this Plaintiff and being without success to establish the truth, the Plaintiff is now returning to the Honorable U.S. District Court with the

United States District Court, Southern District of Texas, Houston Division
Dr. Probir K. Bondyopadhyay vs. Commander, U. S. Air Force Research Laboratory, WPAFB

following statements of facts to ascertain the truth described in Section 6.

## 3. STATEMENT OF FACTS

The following are the facts of this complaint.

**3.1**   There exist two substantially different versions (Exhibit-1 versus Exhibit-2) of the United States Air Force Small Business Innovation research (SBIR) Solicitation No. AF99-244. One of them is legal and the other one is illegal. This solicitation resulted in the execution of the Air force contract (Exhibit-3): F19628-99-C-0073 by Alpha Omega Electromagnetics of Maryland.

**3.2**   For a very long time this Plaintiff has been continuously trying to ascertain which of the two versions of the said solicitation AF99-244 is the **legal** document and which Tasks (Exhibit-4 versus Exhibit-5) are the **legal** version of the Tasks under the **legal** version of the said solicitation that should and must have been performed under the said contract (F19628-99-C-0073) administered by the defendant Air Force Research laboratory (AFRL).

**3.3**   This said solicitation AF99-244 and the resulting said contractual work (F19628-99-C-0073) is the origin of the later contractual work FA865007C1101 of November 3, 2006 (Exhibit-10) of the defendant AFRL developing the plaintiff's said invention: Geodesic Sphere (Dome) Phased Array Antenna System for future  Air Force Satellite Control Network (AFSCN) system.

**3.4**   Since 1999, the Air Force Research Laboratory (AFRL) is developing (Exhibit-13) the Plaintiff's invention (Exhibit-9) to modernize the Air Force Satellite Control Network (AFSCN).

**3.5**   It is openly and publicly acknowledged by the defendant Air Force Research Laboratory (AFRL) that the ***Plaintiff was a participant competitor*** in the AF99-244 solicitation (as well as in a follow up solicitation the next year) ***with his invention (Exhibit-9).***

United States District Court, Southern District of Texas, Houston Division
Dr. Probir K. Bondyopadhyay vs. Commander, U. S. Air Force Research Laboratory, WPAFB

**3.6** A Freedom Of Information Act (FOIA) request served on the U.S. Secretary of the Air Force, on an earlier date (in late 2003), resulted in a written response (Exhibit-2) that directly contradicts the written response given by the U.S. Secretary of the Air Force to Honorable U.S. Senator John Cornyn (Exhibit-6). *These two contradicting responses (Exhibit-2 versus Exhibit-6) raise grave questions about the integrity of the Office of the U.S. Secretary of the Air Force in dealing with the subject matter of this complaint.*

**3.7** Assistant United States Attorney Mr. Samuel G. Longoria had failed to check (*the 'smell test'*) whether required paper works changing Exhibit-1 to create the Exhibit-2 (describing said solicitation AF99-244) actually existed or not before submitting the false statement in Exhibit-7 to the Honorable District Judge Vanessa D. Gilmore [Civil Action Case No. 4:03-cv-03107 or H-03-3107 (S.D.Tex.)].

**3.8** The defendant (AFRL) already knew of the Michele L. Dickman internal investigation establishing that the required paper work NEVER existed creating the Exhibit-2. Yet, in a premeditated manner, the defendant (AFRL) chose to mislead and fool unsuspecting Assistant United States Attorney Samuel G. Longoria to file false information to the Honorable U.S. District Judge Vanessa D. Gilmore to obstruct justice.

**3.9** During May 2002 through August 2002, the defendant (AFRL) **un**successfully challenged, through an *Ex Parte* application to the U.S. Patent Office, the U.S. Patent 6,292,134 and learnt first-hand through **defeat** at the U.S. Patent Office, that the Geodesic Sphere Phased Array Antenna System architecture is this **Plaintiff's legally valid invention.** The defendant (AFRL) did never appeal against this decision of the U.S. Patent Office in the past nine years and nine

United States District Court, Southern District of Texas, Houston Division
Dr. Probir K. Bondyopadhyay vs. Commander, U. S. Air Force Research Laboratory, WPAFB

months. The defendant (AFRL) is developing it (*stolen from the Plaintiff's proposal through procurement fraud*) over a continuous period of the past thirteen years for its future advanced Air Force Satellite Control Network (AFSCN) applications (Exhibit-13).

**3.10**   <u>**Upon learning and accepting**</u> that this Plaintiff is the inventor of the Geodesic Sphere Phased Array Antenna System, General Lance W. Lord, Commander of the United States Space Command in Peterson Air Force Base, Colorado, removed (in 2003) Colonel Ronald Oholendt, Commander of the Air Force Space Battelle Lab   which spent two million dollars to successfully develop this Plaintiff's invention for the Proof-of-Concept on a fast track. This information was provided to this Plaintiff by a lawyer of the Defendant (AFRL). If needed, this Plaintiff will file a discovery request with the honorable District Court to reconfirm this assertion.

**3.11**   This Plaintiff first showed (Exhibit-9) that Geodesic Sphere (dome) Phased Array Antenna architecture comprising of  sub-arrays in special geometric configurations and relations does not permit 64 element  rectangular or square sub-arrays. This Plaintiff also showed first (Exhibit-9) that 64 element sub-arrays do <u>**NOT**</u> conform to the required grid arrangement of elements in the Geodesic Sphere Phased Array Antenna System (Exhibit-9 right-side figure first and Exhibit-13 left-side figure, later).

**3.12**   It is <u>**now**</u> known to the defendant (AFRL) that Geodesic Sphere Phased Array Antenna System architecture (Exhibit-9) comprising of sub-arrays in special geometric configurations and relations does NOT permit 64 element flat panel sub-arrays. It is also known <u>now</u> to the defendant (AFRL) that 8x8 sub-arrays (square) do NOT conform to the required grid arrangement (triangular) of elements in the Geodesic Sphere Phased Array Antenna System

-7-

United States District Court, Southern District of Texas, Houston Division
Dr. Probir K. Bondyopadhyay vs. Commander, U. S. Air Force Research Laboratory, WPAFB

(Exhibit-9) comprising of hexagonal and pentagonal facets.

**3.13.** The United States Attorney **Honorable Kenneth Magidson's attention is drawn** to the statement: ***"(4) down-select to a single candidate and fabricate a passive 8x8 subarray;"*** (Exhibit-2 Page 3 of 4, in the last paragraph under 'PHASE II'). This statement **is the incontrovertible 'smoking gun' evidence** that the defendant (AFRL) did <u>NOT  ONLY</u> know but also did <u>NOT</u> anticipate either, *as of 'late October 1998',* that the AF99-244  PHASE-I work could lead to Geodesic Sphere Phased Array Antenna system which does <u>NOT</u> support any '8x8 aubarray' (square sub-array). *This is instantly verified by looking at the right-side figure of Exhibit-9 which has been reproduced by the defendant in the left-side hardware picture in Exhibit-13.*

**3.14    The work depicted in the pictures in Exhibit-13 originated from THEFT OF INNOVATION BY PROCUREMENT FRAUD committed by the Sensors Directorate of the Defendant (AFRL). The innovation is in Exhibit-9.**

**3.15**   The motivation behind the procurement fraud (which is the basis of the FOIA complaint) has been clearly described in the earlier complaint filed with the DoD-IG Mr. Gordon S. Heddell (Complaint Number DCIS-121158 of  September 13, 2011).  This is summarized below.

Knowing it full well that the original SBIR Phase-I Solicitation AF99-244 (Exhibit-1) can not be changed beyond the date certain, two civilian employees of  the Defendant (AFRL)  at the Sensors Directorate Mr. John Turtle and Mr. Boris Tomasic did conspire, confederate amongst themselves and others known and unknown, to fraudulently transmit by wire (internet E-Mail) to Mr. Barry R. Smith of the Defense Technical Information Center (DTIC, centrally managed by

United States District Court, Southern District of Texas, Houston Division
Dr. Probir K. Bondyopadhyay vs. Commander, U. S. Air Force Research Laboratory, WPAFB

the OSD, Office of the Secretary of Defense) an illegal version of the AF99-244 for personal gain to get access to  SBIR funds as a stepping stone *for quicker access to larger development funds* of the Air Force Space Command and later the Air Force Research Laboratory under the Air Force Materiel Command (AFMC) *to stay on their jobs* at the Hanscom Air Force Base, which was facing closure as of October 2001.

**3.16**   The Honorable U.S. District Court's attention is drawn to the statement: *"References and keywords stay the same"* in the communication from Mr. Barry R. Smith (Exhibit-11).  The said Mr. Boris Tomasic and Mr. John Turtle and others known and unknown, *intentionally, willfully and knowingly* conspired to communicate by wire with the said Mr. Barry R. Smith when in fact they knew beforehand that the list of references in the illegitimate version of the AF99-244 (Exhibit-2) has been changed (list of references in Exhibit-1 versus those in Exhibit-2). **This is the 'smoking gun' evidence** that the Assistant United States Attorney Samuel G. Longoria made the false statement (Exhibit-7) to the Honorable District Judge Vanessa D. Gilmore to mislead the Court and obstruct justice [Civil Action  Case No. 4:03-cv-03107 or  H-03-3107 (S.D.Tex.)].

**3.17**   Mr. Boris Tomasic of the AFRL Sensors Directorate under the defendant (AFRL) was in-charge of a previous year SBIR Phase-I contract with the Alpha-Omega Electromagnetics of Maryland (Exhibit-14). Upon learning that a Phase-II follow on work will not materialize under stricter and leaner budgetary conditions of the AFRL, Mr. Boris Tomasic conspired with Mr. John Turtle, (the nominal project-in-charge of the said Solicitation AF99-244 in the following year), to illegally and fraudulently modify the said AF99-244 solicitation to benefit said Alpha Omega Electromagnetics of Maryland by providing funds to *continue the previous work* they

United States District Court, Southern District of Texas, Houston Division
Dr. Probir K. Bondyopadhyay vs. Commander, U. S. Air Force Research Laboratory, WPAFB

were doing which were _not_ the legal Tasks of the said AF99-244 solicitation. *The AF99-244 solicitation bidding process was a fraud.* The said Alpha Omega Electromagnetics of Maryland admitted to that by stating in writing that they did **NOT** perform (Exhibit-15 and Exhibit-16) the stated **legal** TASK-1, TASK-2, and TASK-3 (Exhibit-1 and Exhibit-4).

## 4.0  APPLICABLE LAW AND RELATED QUESTIONS

**4.1**    Defense Federal Acquisition Regulation System (DFARS) establish a timely process that governs the creation, modification, cancellation and execution of Air Force Research solicitations financed by United States taxpayers. There exists dates certain by which an already published solicitation can not be changed to steer the work a priori to a known predetermined party. It can only be cancelled. These established rules have been violated in this case.

**4.2**   In order to revise a research solicitation **legally** created following established and known set of rules in a timely manner, **it is** legally **necessary that a known process be initiated in a** *timely manner* to revise that solicitation. Execution of that revision process creates necessary paper work and requires signatures of competent administrative officials to create that revision.

**4.3**   Assistant United States Attorney Samuel G. Longoria made the submission (Exhibit-7) to the Honorable District Judge Vanessa D. Gilmore that *'The revised version'* of the said solicitation AF99-244 *'was published on the official SBIR website of AFRL/SN in late October 1998.*

**4.4** Ms. Michele L. Dickman a current employee of the defendant (AFRL) who looked into this matter in the time period July 2000 through October 2000 found that **NO** such **legal** paper work creating *"The revised version"* ever existed and said this in writing in response to a FOIA

United States District Court, Southern District of Texas, Houston Division
Dr. Probir K. Bondyopadhyay vs. Commander, U. S. Air Force Research Laboratory, WPAFB

request made in 2004 (Exhibit-8). The Assistant United States Attorney Samuel G. Longoria

was asked to submit deliberate false information to the U.S. District Judge Vanessa D. Gilmore

to mislead and obstruct justice by legal representatives of the defendant (AFRL).

**4.5   This Plaintiff hereby openly challenges Defendant Commander of the Air Force**

**Research Laboratory (AFRL), MAJOR GENERAL WILLIAM N. MCCASLAND, to**

**produce the official paper work that supposed to have created *"The revised version"* that**

**Assistant U.S. Attorney Samuel G. Longoria claimed '*was published on the official SBIR***

***website of AFRL/SN in late October 1998'* (Exhibit-7) to the U.S. District Court.**

**4.6**   If the Defendant, Commander of the Air Force Research Laboratory (AFRL),   MAJOR

GENERAL WILLIAM N. MCCASLAND can not produce the said paper work, **the Plaintiff**

**hereby challenges the General in Uniform to show courage and integrity** and **admit** to the

Honorable U.S. District Court and **to the U.S. Attorney Honorable Kenneth Magidson** that the

defendant (AFRL) intentionally LIED to the District Court and the United States Attorney to

obstruct justice.

**4.7** Ms. Michele L. Dickman, a current employee under the defendant (AFRL) has provided

written evidence (Exhibit-17) of obstruction of justice  by the defendant (AFRL) from the very

beginning by making false and fraudulent claim that  the *false* information  sent to Mr. Barry R.

Smith  of DTIC in San Diego, California (Exhibit-11) amounted to Department of Defense

giving "approval" to the *"The revised version"* of the said  solicitation AF99-244 (Exhibit-2).

**4.8**   This Plaintiff openly and directly challenges the Commander of the AFRL, Major General

WILLIAM N. MCCASLAND to provide evidence that the "The revised version" of AF99-244

United States District Court, Southern District of Texas, Houston Division
Dr. Probir K. Bondyopadhyay vs. Commander, U. S. Air Force Research Laboratory, WPAFB

(Exhibit-2) **was first approved** by the competent designated authorities of his command **before** it went to Mr. Barry R. Smith of DTIC (Exhibit-11).

## 5.  IN SEARCH OF THE TRUTH

**5.1**      The Plaintiff most respectfully draws attention of the United States Attorney for the Southern District of Texas, the Honorable Kenneth Magidson  simultaneously on the following four exhibits: (i). Reference List of Exhibit-1 describing the AF99-244 solicitation, (ii). Reference List of Exhibit-2 (Page 4) also describing the AF99-244 solicitation, (iii). The statement in Exhibit-7 and (iv). the statement : *"References and Keywords stay the same"* in Exhibit-11.

**5.2**      The Plaintiff most respectfully requests the United States Attorney for the Southern District of Texas, the Honorable Kenneth Magidson  to inform the Honorable U.S. District Court in writing, **which one is** *"The Revised Version of the Topic No. AF99-244"*?  Is it the one in Exhibit-2 (Page 3 and Page 4) with references **_NOT_** *staying the same* or the one where 'references *stay the same*'?  This is a straight forward direct question that requires binary answer.

## 6.  STATEMENT OF CLAIMS ON WHICH RELIEF IS SOUGHT TO BE GRANTED BY THE HONORABLE UNITED STATES DISTRICT COURT

The Plaintiff has been trying for the past twelve long years to ascertain the true **LEGAL** description of the Air Force SBIR Solicitation AF99-244 and the **LEGAL** TASKS defined therein. **This solicitation is the origin of the Air Force's continuous activities (Air Force Contract FA865007C1101 in Exhibit-10) towards developing and deploying (Exhibit-13) the Geodesic Sphere (Dome) Phased Array Antenna System invented by this Plaintiff**

United States District Court, Southern District of Texas, Houston Division
Dr. Probir K. Bondyopadhyay vs. Commander, U. S. Air Force Research Laboratory, WPAFB

**(Exhibit-9).** All administrative remedies having been exhausted, the Plaintiff returns to the Honorable U.S. District Court to establish the truth.

*It is this Plaintiff's strong position that those who wear uniforms in the service of the country must have the courage and integrity to deal with the truth and must NOT engage Assistant United States Attorney to submit deliberate false information to the honorable U.S. District Judge to intentionally mislead and obstruct justice.*

The following are the precise statements of claims on which this Plaintiff respectfully seeks immediate relief with binary decisions from the Honorable U.S. District Court:

**6.1** In view of the Assistant U.S. Attorney Samuel G. Longoria's written statement of October 24, 2003 in Exhibit-7 submitted to Honorable U.S. District Judge Vanessa D. Gilmore, did the U.S. Secretary of the Air Force in his reply to U.S. Senator John Cornyn in Exhibit-6 tell the truth when it stated: *"Exhibit-1 as submitted by your constituent is the official version of the topic which was published with the Department of Defense (DoD) 1999.1 SBIR Solicitation. This version was used to execute contract F19628-99-C-0073."* ? **YES or NO.**

**6.2** In view of the written reply, dated 22nd March 2004 (Exhibit-8), of Ms. Michele L. Dickman (a current employee of the defendant AFRL who first looked into the case during July 2000 through October 2000), that **NO** official paper work ever existed creating the 'revised version' of the solicitation AF99-244, did the Assistant U.S. Attorney Samuel G. Longoria in his written statement of October 24, 2003 (Exhibit-7) submitted to Honorable U.S. District Judge Vanessa D. Gilmore, *tell the truth* that the *'revised version was published on the official SBIR website of AFRL/SN in late October 1898'*? **YES or NO.**

-13-

United States District Court, Southern District of Texas, Houston Division
Dr. Probir K. Bondyopadhyay vs. Commander, U. S. Air Force Research Laboratory, WPAFB

**6.3**  In view of the written  E-Mail message of Mr. Barry R. Smith of the U.S. Department of

Defense unit DTIC in Exhibit-11 stating that   *"References and Keywords stay the same"*

whereas the 'revised version' in Exhibit-2 (referred to by  Assistant U.S. Attorney Samuel G.

Longoria in Exhibit-7) **show otherwise** (as compared to the References in Exhibit-1, the original

version of AF99-244) **did the Assistant U.S. Attorney Samuel G. Longoria** in his written

statement of October 24, 2003 (Exhibit-7) submitted to Honorable U.S. District Judge Vanessa

D. Gilmore, **tell the truth** that *"the revised version was published on the official SBIR website of*

*AFRL/SN in late October 1998"?* **YES or NO.**

**6.4**   In view of the reply of the U.S. Secretary of the Air Force, dated May 10, 2011,  to U.S.

Senator John Cornyn (Exhibit-6) stating in writing that  ***"Exhibit-1 as submitted by your***

***constituent is the official version of the topic which was published with the Department of***

***Defense (DoD) 1999.1 SBIR Solicitation. This version was used to execute contract F19628-***

***99-C-0073.",***   is it legally correct to declare that the five Tasks (Exhibit-4) stated in Exhibit-1

are the legal description of the Tasks that should have been performed under the said contract

***F19628-99-C-0073 (Exhibit-3)? YES or NO.***

**6.5**  In view of the following written statement by the contractor Mr. Robert Schmier of Alpha-

Omega Electromagnetics, Maryland who performed the work, under contract *F19628-99-C-0073*

(Exhibit-3):

   ***"I actually know very little about the details of the spherical array and am not really***

***interested in it."*** (Exhibit-15)

   The honorable U.S. District Court is respectfully requested to make  judicial determination as

-14-

United States District Court, Southern District of Texas, Houston Division
Dr. Probir K. Bondyopadhyay vs. Commander, U. S. Air Force Research Laboratory, WPAFB

to whether the first three Tasks of the official legal version (as stated by the U.S. Secretary of
the Air Force in Exhibit-6) shown in Exhibit-4 were actually performed under contract *F19628-99-C-0073* (Exhibit-3) by the said contractor  Alpha-Omega Electromagnetics of Maryland ?
**YES or NO.**

**6.6**    There are three important dates related to the said solicitation AF99-244 (Exhibit-18) like
any other such solicitations from the U.S. Air Force. These are: (i). the date   solicitation was
issued for public release; (ii). the date DoD began accepting proposals and (iii) the deadline for
receipt of proposals at the DoD components by 2:00 P.M. local time.

In view of the United States Secretary of the Air Force's written statement of 10th  May 2011
to U.S. Senator John Cornyn:  *"Exhibit-1 as submitted by your constituent is the official
version of the topic which was published with the Department of Defense (DoD) 1999.1 SBIR
Solicitation. This version was used to execute contract F19628-99-C-0073."*   the honorable
U.S. District Court is  respectfully requested to make  judicial determination as to whether the
*official version of the topic which was published with the Department of Defense (DoD)
1999.1 SBIR Solicitation document* is indeed the **legal** description of the said solicitation
AF99-244 on those three said dates (respectively,  October 1, 1998,  December 1, 1998,  and
January 13, 1999) as shown in Exhibit-18 ?  **YES or  NO.**

**7.0  IN CONTINUING QUEST FOR THE TRUTH**

This original complaint contains eighteen (18) exhibits.  Additional Exhibits may be submitted
as the case progresses and need arises. Additional discovery may be necessary to ascertain the

United States District Court, Southern District of Texas, Houston Division
Dr. Probir K. Bondyopadhyay vs. Commander, U. S. Air Force Research Laboratory, WPAFB

TRUTH sought under this complaint.

_____

Respectfully submitted to:

THE U.S. DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

*[signature]* Pro Se  June 1, 2012

DR. PROBIR KUMAR BONDYOPADHYAY (BONDY)

UNITED STATES CITIZEN

INVENTOR,

GEODESIC SPHERE PHASED ARRAY ANTENNA SYSTEM

[http://www.google.com/patents/US6292134]

14418 OAK CHASE DRIVE, HOUSTON, TEXAS 77062-2038

TEL:  281-486-7735 (H)

     832-758-6514 (M)

**EMAIL:  dr.bondy@gmail.com**

**PLAINTIFF**

PRO SE

**DATE:  1st June 2012    FRIDAY,   HOUSTON, TEXAS**